

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-58,358-02

### EX PARTE JOSE NOEY MARTINEZ

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. CR-0385-95-G(2) IN THE 370TH DISTRICT COURT HIDALGO COUNTY

*Per curiam.*

### O P I N I O N

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

In November 1996, Applicant was convicted of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's conviction and sentence on direct appeal. *Martinez v. State*, No. AP-72,704

(Tex. Crim. App. June 30, 1999)(not designated for publication). This Court denied relief on Applicant's initial post-conviction application for writ of habeas corpus. *Ex parte Martinez*, 195 S.W.3d 713 (Tex. Crim. App. 2006).

Applicant presents two allegations in his -02 writ application. First, he claims that his execution would violate the Eighth Amendment's prohibition against the execution of the mentally retarded. *See Atkins v. Virginia,* 536 U.S. 304 (2002). Second, he contends that his execution would violate his due process rights unless he is provided "a full and fair hearing on his claim of mental retardation and the tools necessary to establish his claim." These claims, which satisfy the requirements of Article 11.071, § 5, were remanded to the trial court for consideration of those issues. The trial court held a hearing on remand. The trial court then made findings of fact and conclusions of law in which it determined that Applicant "is a person with intellectual disability (mental retardation)" and "is constitutionally ineligible for a death sentence."

This Court has reviewed the record with respect to the allegations made by Applicant. We grant relief on the -02 writ application and reform the trial court's judgment to reflect a sentence of life imprisonment.

Delivered:     June 15, 2016
Do Not Publish